# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11117
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHN HOCKETT,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-267-14

Before BARKSDALE, ELROD and COSTA, Circuit Judges.

PER CURIAM:[*]

John Hockett appeals his jury-trial conviction for conspiracy to distribute 50 kilograms or more of a mixture and substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Hockett, a California resident, asserts there was insufficient evidence to sustain his conviction. In that regard, he maintains he was unaware of his co-conspirators' intent to distribute the marijuana in Dallas, Texas.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-11117

Properly preserved sufficiency-of-the-evidence challenges are reviewed "in the light most favorable to the government" and will fail if "any rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt". *United States v. Thomas*, 988 F.2d 1214 (5th Cir. 1993). In this instance, however, as Hockett concedes, this issue was not preserved in district court; therefore, review is only for plain error to determine, *inter alia*, whether there has been a "manifest miscarriage of justice". *United States v. Delgado*, 672 F.3d 320, 331 & n.9 (5th Cir. 2012) (en banc). Along that line, the record must not be "devoid of evidence pointing to guilt" and the evidence not "so tenuous that a conviction is shocking". *Id.* at 331 (emphasis, citation, and internal quotation marks omitted). The evidence is considered in the light most favorable to the Government, giving it the benefit of all reasonable inferences and credibility choices. *Id.* at 332.

Hockett sold marijuana to Jayme Meadows and Travis Potash in California. Meadows and Potash, who cooperated with the Government, testified Hockett knew of their intent to distribute the purchased marijuana in Dallas. Hockett contends Potash and Meadows' cooperation with the Government rendered their testimony self-serving and unreliable.

Meadows testified he told Hockett he was coming from Dallas to purchase marijuana from Hockett, and Hockett provided suggestions for shipping it to Dallas, including using expandable foam in the packaging and transporting it with a musician travelling from California to Texas. Similarly, Potash, who went with Meadows to purchase marijuana from Hockett in California, testified he was confident he told Hockett he and Meadows travelled from Texas.

The credibility of witnesses is a determination left for the jury. *E.g., United States v. Garcia*, 567 F.3d 721, 731 (5th Cir. 2009). Here, the jury

No. 14-11117

determined Meadows' testimony corroborated Hockett's involvement in the conspiracy. Furthermore, Meadows' testimony substantially matched Potash's and was not incredible as a matter of law. *Id.*; *see also United States v. Osum*, 943 F.2d 1394, 1405 (5th Cir. 1991). In the light of the evidence, Hockett's conviction did not result in the requisite manifest miscarriage of justice.

AFFIRMED.